UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CENTRAL PROGRESSIVE BANK                    CIVIL ACTION

VERSUS                                      NO: 08-4147

JOSEPH R. KUNTZ, ET AL                      SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is the defendants' **Motion to Dismiss for
Lack of Personal Jurisdiction and Improper Venue or,
alternatively, to Transfer Venue (Rec. Doc. 5)**.  This motion,
which is opposed, was set for hearing on October 1, 2008 on the
briefs.  Upon review of the record, the memoranda of counsel, and
the applicable law, this Court now finds, for the reasons set
forth below, that defendants' motion should be denied.

**Background Facts**

This action was commenced by plaintiff, Central Progressive
Bank ("CPB") against Joseph R. Kuntz, David M. Hamrick, Michelle
L. Hamrick, Raymond J. Barnhart, Suzanne L. Barnhart, Emily E.
Barnhart, and Raymond Todd Barnhart (collectively the defendants)
to recover an amount owed pursuant to Commercial Guaranties that

were executed in favor of CPB.  CPB is a Louisiana banking

institution with its principal place of business in Lacombe,

Louisiana.  All of CPB's branches are located in Louisiana.

Defendants are Ohio residents who are members of Tropical Wave

Development Group, LLC ("Tropical Wave").

On July 9, 2004, Tropical Wave executed a Promissory Note

made payable to CPB in the original principal sum of

$1,550,400.00.  The Promissory Note provided for monthly interest

payments at the initial rate of 5.750% with the principal and any

accrued interest to be paid on or before July 9, 2005.

Also, on July 9, 2004, CPB and Tropical Wave entered into a

Business Loan Agreement providing for a loan to Tropical Wave in

the amount represented by the Promissory Note.  On July 9, 2005,

exactly one year later, CPB and Tropical Wave entered into the

first of a series of Change in Terms Agreements whereby the

maturity date of the Promissory Note was extended and the

interest rate was increased.  Changes were further made to the

interest rate and/or date of maturity by way of Change of Terms

Agreements executed on the following dates: January 9, 2006, July

9, 2006, December 18, 2006, March 9, 2007, November 9, 2007, and

January 9, 2008.

At the time the loan was made on July 9, 2004, Tropical Wave

provided the mortgage to a property situated in Bay County,

Florida as security.  As further security for the Promissory

Note, the defendants executed Commercial Guaranties wherein the defendants individually obligated themselves to be liable in solido, with Tropical Wave and with the other guarantors, for all sums due under the Promissory Note, including principal, interest, and attorneys fees and for all costs of proceedings to recover the amount due.  The Commercial Guaranties are governed by Louisiana law.  They provide for payment to be made to CPB at 29092 Krentel Road, Lacombe, Louisiana 70445.  They also provide that they are continuing guaranties which provide for payment of the full amount due now or arising in the future.

The Promissory Note, Business Loan Agreement, various Change in Terms Agreements and Commercial Guaranties (collectively the "Loan Documents") were all prepared by CPB or counsel for CPB in Louisiana and were delivered to CPB in Louisiana after being signed by the defendants in Ohio.  All payments made under the Commercial Guaranties were made to CPB's offices in Louisiana.

All sums became due and owing under the Promissory Note on March 9, 2008.  The current principal balance due on the Promissory Note as of September 15, 2008 is $1,395,197.30.  A payment was made on April 4, 2008 in the sum of $62,096.58.

On June 30, 2008, CPB filed suit against the defendants on the Commercial Guaranties in the 22nd Judicial District Court, St. Tammany Parish, Louisiana.  The suit was removed to this Court on August 8, 2008.

## The Parties' Arguments

The defendants have brought this motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(2) and (3) arguing that this Court lacks personal jurisdiction over these defendants and that venue in the Eastern District of Louisiana is not proper.  The defendants argue that they are not subject to personal jurisdiction in Louisiana because they are residents of Ohio who have not had enough contact with Louisiana to satisfy the jurisdictional requirement for minimum contacts. Additionally, the defendants argue that all of the subject loan documents, including the Commercial Guaranties, were signed in Ohio and the mortgage provided as collateral is for property in Florida, not Louisiana.  As a result, the defendants argue that there are no minimum contacts that support personal jurisdiction in Louisiana.  Further, the defendants argue that exercising jurisdiction over them would be unfair and create an undue burden on them because they are located in Ohio, and because Ohio and Florida have a greater interest in this litigation. Alternatively, the defendants argue that venue in this Court is improper and the case should either be dismissed or the case should be transferred to the Northern District of Ohio where defendants claim venue is proper.  Specifically, the defendants contend that a substantial portion of all of the events at issue took place outside of Louisiana.

Plaintiff has filed a memorandum in opposition arguing that there is personal jurisdiction over these defendants and that venue in the Eastern District of Louisiana is proper.  Plaintiff argues that there is specific jurisdiction over these defendants because they sought credit from a Louisiana bank and executed the Commercial Guaranties in favor of CPB.  In addition, the guaranties signed by defendants are governed by Louisiana law and payments are to be made to CPB in Louisiana.  Plaintiff further argues that Louisiana has a substantial interest in this case and that it is fair to maintain the suit in Louisiana since CPB and its employees are located here.  In response to the defendant's venue arguments, the plaintiff asserts that CPB is located in this district and that all payments on the guaranties were to be made in this district.  Further, plaintiff's entire operation is located in Louisiana and CPB does no business in Ohio or Florida. Plaintiff argues that changing venue would simply shift the burden of the litigation from the defendants to the plaintiff.

## Discussion

**A.    Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a suit for lack of personal jurisdiction.  "[T]he plaintiff bears the burden of establishing the district court's jurisdiction" over a nonresident defendant.  <u>Gundle Lining</u>

Constr. Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 204 (5th Cir. 1996).  Personal jurisdiction over a nonresident defendant is established where (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction complies with the due process guarantees of the United States Constitution. Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002).  As Louisiana's long arm statute extends personal jurisdiction on any basis consistent with the Constitution, the Court need only consider the limitations of the Due Process Clause.  See LA.REV.STAT.ANN. §13:3201(B).

The exercise of personal jurisdiction over a nonresident defendant comports with due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000) (citations omitted); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Contact with the forum state may create general or specific personal jurisdiction. Specific personal jurisdiction, as argued by the plaintiff here, exists when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action."  Revell, 317

6

F.3d at 470 (quoting <u>Lewis v. Fresne</u>, 252 F.3d 352, 358 (5th Cir.
2001)). Specific personal jurisdiction requires "some act by
which the defendant purposefully avails itself of the privilege
of conducting activities within the forum State, thus invoking
the benefits and protections of its laws."  <u>Hanson v. Denkla</u>, 357
U.S. 235, 253 (1958).  Specific jurisdiction is present when a
nonresident defendant has "purposefully directed his activities
at residents of the forum and the litigation results from alleged
injuries that arise out of or relate to those activities."
<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985)
(internal quotations and citations omitted).  In resolving this
question, the Court considers whether the plaintiff has brought
forward sufficient evidence to establish a prima facie case
supporting jurisdiction.  <u>Panda Brandywine Corp. v. Potomac Elec.
Power Co</u>., 253 F.3d 865, 868 (5th Cir. 2001).

     This Court has previously addressed the issue of personal
jurisdiction in cases similar to the present case.  In
<u>Consolidated Companies, Inc. v. Kern</u>, No. 99-2704, 2000 WL
1036186 (E.D. La. July, 25, 2000) (Fallon, J.), the Court found
that there were minimum contacts with Louisiana established when
a non-resident defendant voluntarily executed a Guaranty in favor
of a Louisiana entity to induce the Louisiana entity to provide
credit.  <u>Id.</u> at *9-10.  Similarly, in <u>Asean Homes, Inc. v.
Miller</u>, No. 99-294, 1999 WL 1102427 (E.D. La. Dec. 3, 1999)

(Clement, J.), this Court found that personal jurisdiction could properly be exercised over a non-resident defendant when that defendant had sought out a loan from a Louisiana entity, entered into an agreement to borrow money from a Louisiana entity, the parties had a continuing business relationship, money transferred from Louisiana to the defendant, the agreements were executed in part in Louisiana, and the Guaranty contained a Louisiana choice of law provision. Id. at *3. In Asean Homes, the defendant specifically argued that there could be no jurisdiction in Louisiana because all but one of the promissory notes were executed outside Louisiana and payment was to be made outside Louisiana. Id. The court found this arguments of no moment and instead recognized that "[t]he relevant conduct at issue...is [defendant's] solicitation of a loan agreement from plaintiff and his actions in signing promissory notes for loans issued by a Louisiana corporation through a Louisiana bank. As to the promissory notes signed elsewhere, the fact that a contract was not executed or finalized in Louisiana is not controlling, nor is it dispositive of the issue of personal jurisdiction." Id.

A review of CPB's allegations demonstrates that the requisite minimum contacts are present, similar to the cases discussed above, to satisfy the requirements of specific jurisdiction. The defendants in this case personally solicited CPB, a Louisiana financial lending institution, to lend them

8

money for their business.  In connection with the loan, the

defendants negotiated and executed a Business Loan Agreement, a

Promissory Note, numerous Change in Terms Agreements, and the

Commercial Guaranties in favor of CPB, a Louisiana entity.

Although these documents were signed outside of Louisiana they

were all delivered to CPB in Louisiana.  In addition, all

payments on these agreements and the Commercial Guaranties that

are the subject of this suit were to be made to CPB in Louisiana.

The defendants voluntarily sought to engage in business with a

Louisiana entity for the purpose of securing funds from that

Louisiana entity.  They signed loan documents that were prepared

by CPB and its lawyers and that are governed by Louisiana law.

The Commercial Guaranties that are the subject of this lawsuit

created an ongoing relationship between the defendants and CPB, a

Louisiana entity.  As a result of these facts, the Court finds

that the defendants have sufficient minimum contacts with

Louisiana, which contacts specifically relate to the instant

cause of action.

Having established that the requisite minimum contacts

between the defendants and this state exist, "the burden of proof

shifts to the defendant[s] to show that the assertion of

jurisdiction is unfair and unreasonable." <u>Central Freight Lines

Inc. v. APA Transport Corp.</u>, 322 F.3d 376, 384 (5th Cir. 2003).

The Fifth Circuit has recognized that it is rarely the case that

9

jurisdiction is unfair after minimum contacts have been

established.  Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215

(5th Cir. 1999).  "The defendant must make a 'compelling case.'"

Id. quoting Burger King, 471 U.S. at 477.  In making a

determination of whether the exercise of jurisdiction is fair and

reasonable, courts consider: " the burden on the defendant having

to litigate in this forum; the forum states's interests in the

lawsuit; the plaintiff's interest in convenient and effective

relief; the judicial system's interest in efficient resolution of

controversies; and the state's shared interest in furthering

fundamental social policies." Id.

     Defendants submit to the Court that as Ohio residents it is

unfair to force them to litigate a lawsuit in Louisiana.

Further, the defendants argue that the interests of Ohio and

Florida are much greater than Louisiana's interests because Ohio

is the home state of defendants and Florida is the location of

the mortgaged property.  However, the defendants' assertions are

misplaced.  The argument that litigation in Louisiana is

inconvenient to the defendants could just as easily be made by

the plaintiff if the litigation was in Ohio or Florida.

Additionally, CPB has sued the defendants regarding the

Commercial Guaranties, not under the Business Loan Agreement or

Promissory Note.  The Florida mortgage is not material to the

Commercial Guaranties that were signed by the individual

defendants.   While Ohio may have some interest in the outcome of the lawsuit because its citizens are defendants, it is clear that Louisiana has a substantial interest since the plaintiff is not only a resident business but a Louisiana lending institution that claims it is owed money by the defendants.  Louisiana clearly has an interest in enforcing the contracts of its corporate citizens. Finally, CPB and all of its employees who may be witnesses are located in Louisiana, while it appears that only the defendants would have to travel from Ohio for this litigation.  Taking all of these factors into account, the Court finds that it would not be unfair or unreasonable to exercise jurisdiction over these defendants.  The defendants' contacts with this forum are sufficient to support specific personal jurisdiction and the Court's exercise of that jurisdiction does not offend traditional notions of fair play and substantial justice.

**B.    Venue**

The defendants also urge a Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Where jurisdiction is based on diversity of citizenship, as in this case, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."   28 U.S.C. § 1391(a).

The defendants argue that venue in the Eastern District of Louisiana is improper because a substantial part of the events giving rise to the claim did not occur in this district. Instead, defendants contend that the substantial portion of events took place in the Northern District of Ohio because this is where the defendants executed the Commercial Guaranties. Plaintiff asserts that venue is proper in the Eastern District of Louisiana because a substantial portion of the events did take place in this district, namely the loaning of money to the defendants and payments pursuant to the Commercial Guaranties to satisfy that debt.   In the Asean Homes case, this Court concluded that venue was proper in the Eastern District because the money the defendant had failed to repay was originally paid out to the defendant from a bank in New Orleans.   Asean Homes, 1999 WL 1102427, at *4.   Conversely, in Consolidated Companies, this Court found venue to be improper when the transactions on which the defendant had allegedly defaulted took place outside this district.   Consolidated Companies, 2000 WL 1036186, at * 6.   The sale that gave rise to the defendant's obligation to pay took

place in a different district, while the only connection to this
district was that the plaintiff company was located here.  Id.

In the present case, a substantial part of the events giving
rise to the claim occurred in the Eastern District of Louisiana.
Specifically, CPB paid out money from this district to the
defendants and the defendants allegedly failed to make payments
to CPB in this district.  Since this Court can exercise personal
jurisdiction over the defendants and a substantial portion of the
events took place in this district, venue is proper.

### C.    Transfer

The defendants argue for the transfer of this case under two
statutory provisions.  First, if the Court determines that venue
is improper in this district then pursuant to 28 U.S.C. § 1406(a)
the case may be transferred to any district in which it could
have been filed.  Since the Court has already determined that
venue in this district is proper, transfer under 28 U.S.C. §
1406(a) need not be considered.  Alternatively, the defendants
argue for transfer pursuant to 28 U.S.C. § 1404(a).  28 U.S.C. §
1404(a) provides that  "[f]or the convenience of the parties and
witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division where
it might have been brought."  The defendants specifically request
that the case be transferred to the Northern District of Ohio.

The decision of whether to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the district court.  Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989).  In determining whether transfer is proper under 28 U.S.C. § 1404(a), courts consider both private interest and public interest factors.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241(1981)  The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  Id. at 241 n. 6.  The public interest factors to be considered include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  Id.  As an additional public interest factor, courts consider whether a transfer would avoid duplicative litigation and prevent waste of time and money. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  Finally, "while neither conclusive nor determinative," in the Fifth Circuit "the plaintiff's choice of forum is clearly a factor to be considered." In re Horseshoe Entertainment, 337 F.3d 429, 434-35

(5th Cir. 2003).   The plaintiff's choice of forum places a "good

cause" burden on the defendant who seeks the transfer.   In re

Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008).

This "good cause" burden is met when the moving party can

"satisfy the statutory requirements and clearly demonstrate that

a transfer is '[f]or the convenience of parties and witnesses, in

the interest of justice."   Id.

An evaluation of the private interest factors demonstrates

that the defendants have failed to carry their burden of showing

that this matter should be transferred to the Northern District

of Ohio.   With regard to the relative ease of access to sources

of proof, defendants contend that the bulk of the witnesses are

located in Ohio and Florida without explaining who these

witnesses are.   CPB argues that most of the witnesses are located

in the Eastern District of Louisiana, especially CPB's employees,

and that most of the documentary evidence is located at CPB's

offices.   Further, any documents located in Ohio or Florida could

easily be transported to New Orleans. As for the availability and

expense of producing witnesses, plaintiff contends that the only

witnesses outside the district are the defendants themselves.

Conversely, the employees of plaintiff will likely testify and

are susceptible to this Court's subpoena power.   The defendants

are silent on this important factor.   Finally, the defendants

have pointed to no other substantial practical problems that

would make adjudicating this case in Ohio significantly easier, expeditious, or less expensive.

The public interest factors also militate in favor of finding that a transfer to the Northern District of Ohio is not necessary.  Defendants have failed to make a showing regarding the relative congestion of the two courts and there has been no evidence offered that this Court's docket is so congested as to make it incapable of providing a speedy adjudication of this matter.  Moreover, the same contacts that support personal jurisdiction in this matter give this district a sufficiently proper stake in the resolution of this matter such that there is a local interest in the controversy being decided in this case. As discussed above it is clear that Louisiana has a substantial interest in the enforcement of a contractual agreement with a citizen lending institution.  Additionally, the Commercial Guaranties are governed by Louisiana law, in which this Court is surely more familiar than the Northern District of Ohio. Finally, the Eastern District of Louisiana is the forum chosen by plaintiffs, and that choice is entitled to some deference.  The defendants have failed to demonstrate that a transfer is necessary or that the Northern District of Ohio is a more convenient forum for the resolution of this lawsuit. Accordingly,

**IT IS ORDERED** that the defendants' **Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or,**

16

**alternatively, to Transfer Venue (Rec. Doc. 5)** is hereby **DENIED.**

New Orleans, Louisiana, this 17th day of December, 2008.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE